

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-93,792-01

### EX PARTE PAUL QUINTANILLA REYES, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1645945-A IN THE 228TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

## O R D E R

Applicant pleaded guilty to possession with intent to deliver and was sentenced to twelve years' imprisonment. Applicant did not appeal his conviction. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that his guilty plea was involuntary because trial counsel failed to adequately investigate the credibility of the Houston Police Department Narcotics Officers involved in his case to learn that many of them were under criminal investigation at the time he entered his plea. Applicant has alleged facts that, if true, might entitle him to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985). Accordingly, the record should be developed. The trial court is the

appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent [him/her] at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant would have insisted on a trial but for counsel's alleged deficient performance. The trial court shall make specific findings as to (1) what investigation counsel conducted; (2) what advice counsel gave Applicant prior to Applicant's guilty plea; and (3) whether counsel would have changed his advice had he known about Sergeant Clemente Reyna's four indictments and/or the pending investigations of the officers involved in Applicant's case. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claim.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: June 8, 2022
Do not publish